### BARRY v. AMERICAN LOCOMOTIVE AUTOMOBILE CO.

(Supreme Court, Appellate Term.   December 16, 1908.)

CONTRACTS (§ 312*)—BREACH—REPAIRS TO AUTOMOBILE.

Where the contract of an automobile company to furnish repairs has expired by limitation, and the only part of its contract in force is a contract to overhaul the car at its factory and furnish new parts where necessary in such overhauling, the company is not liable for repairs to the car which were not made after the car had been overhauled by the company.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 312.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by James T. Barry against the American Locomotive Automobile Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Hyman & Campbell (Mark Hyman, of counsel), for appellant. Louis Steckler, for respondent.

HENDRICK, J.   Concededly the only part of the defendant's agreement that was extended beyond the term expressed therein was the provision for an overhauling of the car. The provisions in respect to the repairing or replacing of parts of the car that may break in normal service, or the delivery of such parts, expired by limitation in October, 1907, and no further liability by reason thereof rested on the defendant. The overhauling was to take place in the defendant's factory. There is a conflict of evidence as to the reason why the overhauling was not done by the defendant, but it was immaterial for the purposes of the cause of action. The amplified bill of particulars stipulated by the parties and the evidence show that the claim here is for repairs to parts of the car. There was no liability on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the part of the defendant to furnish new parts after October, 1907, except in the course of overhauling which it was to do at its factory, and it cannot be held to have broken its contract. If the plaintiff had been compelled to go elsewhere for an overhauling of the car because of the refusal of defendant to overhaul, a cause of action would have accrued, provided that a proper tender of the car had been made. The demand of the plaintiff was for a different thing, something which defendant was not required to do at that time, and any damage that he has sustained cannot be charged to the defendant.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.